

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–17–254

| | |
|---|---|
| LUTHER F. GRAVES AND FIRSTCOMP INSURANCE COMPANY <br><br> APPELLANTS <br><br> V. <br><br> TIMOTHY W. HOPPER <br> APPELLEE | **Opinion Delivered:** November 15, 2017 <br><br> APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION <br> [No. G306961] <br><br> SUPPLEMENTATION OF THE RECORD AND SUPPLEMENTATION OF THE ADDENDUM ORDERED |

## WAYMOND M. BROWN, Judge

Appellants Luther F. Graves and Firstcomp Insurance Company (collectively "Graves") appeal from the Arkansas Workers' Compensation Commission's (Commission) January 13, 2017 opinion affirming and adopting the administrative law judge's June 7, 2016 opinion in favor of appellee. On appeal, Graves argues that (1) appellee's claim is time-barred by Arkansas Code Annotated section 11-9-702(a); and (2) the Commission erred in finding that he is estopped from asserting the statute of limitations defense because appellee had actual notice of the existence of a workers' compensation policy. We are unable to address the merits of appellants' argument and order supplementation of the record and supplementation of the addendum.

On August 26, 2013, appellee fell from a ladder and was injured while working on a construction crew assembled by Graves. Appellee initially filed a complaint against Ray Dawson, Jr., and Dixie Planting Company (Dixie). Dawson owns Dixie. The Phillips County Circuit Court remanded the claim to the Commission for a determination of the

employment relationship between Dixie and appellee. The complaint does not appear in the record or the addendum and neither does the order.

Arkansas Supreme Court Rule 3-3 requires that the record include the complaint and subsequent orders should appear in the record in chronological order. Arkansas Rule of Appellate Procedure—Civil 6(e) states that if anything material to either party is omitted from the record by error or accident, the appellate court, on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted.

Arkansas Supreme Court Rule 4-2 states that "[t]he addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Because the matter began in circuit court and was remanded to the Commission, rather than by a claim filed with an employer as is typical in these matters—no claim against Graves, via any form or letter, was filed by appellee in this matter and Graves was made a party to an already-existing claim against Dixie[1]—this court needs not only the complaint which began this matter, but also the order that remanded the matter to the Commission. While the ALJ's June 7, 2016 opinion dismissed Dawson and Dixie, we have nothing showing how they came to be a party to begin with. Furthermore, this court also notes that the record and addendum are both missing Dixie's motion to the Commission to have Graves joined to the matter as a party, pursuant to which the ALJ noted he was joining

---

[1]Appellee first noticed a direct claim against Graves in his August 26, 2015 complaint filed in Phillips County Circuit Court. However, there is a factual issue as to whether Graves knew appellee had a claim against him as his employee.

SLIP OPINION

Graves as a party in its November 9, 2015 order; and a motion to dismiss from Graves in Phillips County Circuit Court, to which appellee responded October 13, 2015. The dates of all these documents are important as both issues on appeal—notice and statute of limitations—are fact-dependent. Because none of these documents appear in the record or addendum, we find both the record and the addendum to be deficient so that we cannot reach the merits of the case.

Accordingly, we remand for supplementation of the record, correcting the above-referenced deficiencies within thirty days. Additionally, we order appellant to submit a supplemental addendum correcting the above-referenced deficiencies within fifteen days from the date on which the supplemental record is filed. We encourage appellant's counsel to review Rules 3-3 and 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the supplemental record and supplemental addendum comply with the rules and that no additional deficiencies are present.

Supplementation of the record and supplementation of the addendum ordered.

ABRAMSON and MURPHY, JJ., agree.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod S. Parrish*, for appellants.

*David A. Hodges*, for appellee.